IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel LA MAR GUNN, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :    Civ. No. 13-163-RGA |
| NIKOLE SHELTON and<br>CREDIT SUISSE GROUP AG, | :    UNDER SEAL<br>:<br>: |
| Defendants. | : |

La Mar Gunn, Camden Wyoming, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

May 15, 2013
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. District Judge:**

Qui tam Plaintiff La Mar Gunn filed this action under the False Claims Act, 31 U.S.C. § 3730(a), to enforce the rights of himself and the public, alleging violations pursuant to 18 U.S.C. § 1964 for civil fraud. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Pending before the Court is Plaintiff's Motion for Recusal and to Stay Proceedings. (D.I. 9).

Gunn seeks recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 on the grounds that "Judge Andrews consistently exceeds his discretion and fails to review documentary evidence submitted by Gunn." Gunn contends this is obvious based upon the undersigned's rulings in Civ. No. 11-1155-RGA, a case wherein Gunn is a defendant.[1] In addition, Gunn posits that disqualification is necessary based upon the undersigned's personal bias and prejudice towards him.

Section 144 provides, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Plaintiff submitted a three paragraph affidavit in support of his motion.

As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of

---

[1] There is a third case in which Gunn is a party, but the Court has not made any substantive rulings in that case yet.

Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir.1976). An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity, (2) would convince a reasonable person that a bias exists, and (3) evince bias that is personal, as opposed to judicial in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). Here, it is evident that Gunn's allegations of bias consist of subjective conclusions[2] and disagreements with this court's legal rulings in another case wherein Gunn is a party. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations); *see also Cooney v. Booth*, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) (holding that opinions and conclusions based upon suspicion, conjecture, and speculation are legally insufficient to warrant recusal). Moreover, the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, Gunn has not met the requirements of § 144 and, therefore, his motion for recusal under 28 U.S.C. § 144 will be denied.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude

---

[2] The totality of the Affidavit's allegations of bias is, "It is my belief that Judge Richard G. Andrews has a personal bias against me and should proceed no further." (D.I. 10, ¶3).

that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.[3]

It is evident in reading Gunn's motion that he takes exception to this Court's rulings and this serves as his only basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do the rulings of the undersigned demonstrate the Court acting in such manner when ruling in the cases wherein Gunn is a party. After

---

[3] Plaintiff makes no allegation, sworn or unsworn, that the Court has not treated him with personal respect in the multiple appearances he has made in No. 11-1155.

careful and deliberate consideration, the undersigned also concludes that the Court has no actual bias or prejudice towards Gunn and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Gunn's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

For the above reasons, the Court will deny Gunn's motion. An appropriate order will be entered.