## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel LA MAR GUNN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-163-RGA |
| | : | |
| NIKOLE SHELTON and<br>CREDIT SUISSE GROUP AG, | : | |
| | : | |
| Defendants. | : | |

La Mar Gunn, Camden Wyoming, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

November 12, 2013
Wilmington, Delaware

*Anducid G. Andrews*
**ANDREWS, U.S. District Judge:**

*Qui tam* Plaintiff La Mar Gunn filed this action under the False Claims Act, 31

U.S.C. § 3730(a). (D.I. 1, ¶5). He sues on behalf of the United States of America. He

alleges violations under 18 U.S.C. § 1964 for civil fraud. Gunn appears *pro se* and has

been granted leave to proceed *in forma pauperis.* (D.I. 4). The United States has

declined to intervene in this action. (D.I.15). *See* 31 U.S.C. § 3730(b)(4)(B). The Court

proceeds to review and screen the Complaint (D.I. 1) pursuant to 28 U.S.C. §

1915(e)(2)(B).

This Court must dismiss certain *in forma pauperis* actions that are frivolous,

malicious, fail to state a claim, or seek monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se*

plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v.

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may

dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory"

or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at

327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court

must grant Gunn leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Gunn proceeds *pro se*, his pleadings are liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Gunn asserts that jurisdiction is appropriate under the False Claims Act, 31 U.S.C. § 3730(a), and 28 U.S.C. § 1331. Section 3730(b) permits an individual to bring a suit on behalf of the United States based on violations of 31 U.S.C. §3729, which enumerates seven separate ways of making a false claim. The Complaint, however, does not indicate under which of the seven subsections Gunn proceeds. The Complaint does discuss and quote at some length various provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-64. Gunn seeks injunctive relief, disgorgement, and civil monetary penalties. (D.I. 1, at 19-20).

Gunn alleges Defendants Nikole Shelton and Credit Suisse committed fraud in connection with unlawful residential mortgage practices when they intentionally altered securitization documents filed with the Internal Revenue Service and the United States Securities and Exchange Commission. (D.I. 1, ¶2). It appears that, at one time, Shelton worked at Credit Suisse f/k/a Fairbanks Capital and that she is currently employed by GMAC Mortgage. (D.I. 1, ¶23).

The Complaint alleges that Shelton, under the direction of Credit Suisse, engaged in the regular practice of falsifying thousands of mortgage related documents beginning in 1998 to the present, with the intention of defrauding homeowners, mortgage backed securities investors, and the United States. (D.I. 1, ¶2). According to Gunn, Defendants have "tricked" courts throughout the United States into accepting

3

counterfeit documents (D.I. 1, ¶3), and Shelton signed an order admitting that she and others performed illegal actions with regard to mortgage related trust documents. (D.I. 1, ¶4, ex. 1). The Complaint refers to GMAC Mortgage's purported improper acts in foreclosure actions in cases filed in Ohio, Florida, and Maine courts. (D.I. 1, ¶¶23-25).

Gunn asserts jurisdiction under the False Claims Act, 31 U.S.C. § 3730(a). The False Claims Act provides that a private individual, known as a relator, "may bring a civil action for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(b)(1). "[A]lthough *qui tam* actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the public at large, the Government remains the real party in interest in any such action." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir.1990). The *qui tam* relator stands in the shoes of the government and is not acting on his own behalf. *See Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). Here, Gunn proceeds *pro se*, is not a licensed attorney, and is not qualified to represent the interests of the United States. *See United States ex rel. Banks v. Aramark Corr. Services*, 2008 WL 3833459, *4 (W.D. Pa. Aug. 15, 2008). The law is clear that Gunn, as the relator, may not proceed *pro se* in this matter. *See id.* at *4-*5 (citing and collecting cases). Therefore, the Complaint will be dismissed in its entirety.

The False Claims Act imposes important procedural requirements on the relator, as follows: (1) the relator must serve the Government with a copy of the Complaint and "all material evidence and information the person possesses"; (2) the relator must file the Complaint *in camera*; (3) the Complaint must remain under seal for at least sixty

4

(60) days; and (4) the Complaint may not be served on Defendants until a court so orders. 31 U.S.C. § 3730(b)(2).

A relator's failure to comply with the False Claims Act service and filing requirements may justify dismissal of the claim. *See Erickson ex rel. United States v. Am. Instit. of Biological Sciences,* 716 F. Supp. 908, 911-12 (E.D. Va.1989) (court looked at the mandatory language of the False Claims Act and finds a procedural defect is fatal to a plaintiff's claim relying upon *United States ex rel. Texas Portland Cement Co. v. McCord,* 233 U.S. 157, 162 (1913) that holds the failure to comply with procedural requirement is fatal to Heard Act claim). *See also United States ex rel. Pilon v. Martin Marietta Corp.,* 60 F.3d 995, 998–99 (2d Cir. 1995) (holding relator's failure to serve the Government and comply with filing requirements frustrated congressional goals and warranted dismissal of False Claim Act claim).[1]

Gunn failed to comply with the False Claims Act service and filing requirements. The docket reveals that Gunn did not seek to file the Complaint *in camera.* Nonetheless, the Clerk's Office opened the case under seal after reading in the Complaint that Gunn had invoked 31 U.S.C. § 3730(a). Next, while Gunn served a copy of the complaint upon the United States Attorney for the District of Delaware, he did not serve it upon the Attorney General of the United States of America, as is required. (*See* D.I. 7.) There is no docket entry reflecting that Gunn served the Government with "all material evidence and information [he] possesses," as required by

---

[1] The Court notes that the Second Circuit raised the issue whether complying with the procedural requirements was jurisdictional. *Id.* at 999 n.4. The Court decided it did not have to decide the issue.

5

§3730(b)(2), although the absence of such a docket entry does not prove such a failure. Moreover, Gunn served the Complaint upon Defendants (D.I. 1, at 21; D.I. 6, 8), without a court order, in derogation of the False Claims Act. *See* 31 U.S.C. § 3730(b)(2). Therefore, the Court will also dismiss Gunn's False Claims Act claims for failure to comply with the service and filing requirements.

Dismissal would also be appropriate because, despite the length of the Complaint, it does not actually set out a cognizable False Claims Act claim.[2] Were this the only defect with the Complaint, Gunn would be given the opportunity to file an amended *pro se* complaint.

It also appears that Gunn intended to raise a RICO claim. There is nothing in the False Claims Act, however, that allows any private citizen to file RICO claims on

---

[2]Gunn filed his Complaint on January 31, 2013. The Government declined to intervene on June 12, 2013 (D.I. 15), after the Court ordered it to advise the Court if it elected to intervene. (D.I. 11). Before dismissing any claims premised upon the False Claims Act, the Court must receive the written consent of the Attorney General of the United States. *See* 31 U.S.C. § 3730(b)(1). The Third Circuit has not spoken to the issue, but other Circuits have construed this provision to mean that such "written consent" is only applicable in matters voluntarily dismissed. *See United States ex rel. O'Malley v. Xerox Corp.*, 846 F.2d 75 (4th Cir. 1988) (per curiam) ("Section 3730(b)(1) is intended to reach voluntary dismissals and not dismissals based on substantive grounds."); *see also Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 797 n. 5 (7th Cir. 2009) ("Salmeron also claims that the district court violated 31 U.S.C. § 3730(b)(1) by failing to obtain the Attorney General's written consent before dismissing the action. Such consent is not required, however, for suits like Salmeron's that are involuntarily dismissed."); *United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 91 (2d Cir. 2008) ("[W]e have previously construed [§ 3730(b)(1)] to apply 'only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal.'"). Given this Court's findings herein, "written consent" is not required.

behalf of the United States. Even if there were, because Gunn cannot represent the government, the RICO claim would also be subject to dismissal.

Since Gunn cannot represent the United States, and has shown a lack of compliance with the required False Claims Act procedures in a *qui tam* lawsuit, and since the United States has declined to intervene, the Complaint will be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The only way Gunn could possibly cure the identified defects would require, at a minimum, that counsel enter an appearance and file an amended complaint. Thus, Gunn will be given until December 2, 2013, to obtain counsel and have counsel enter an appearance, and file an amended complaint. If no counsel enters an appearance and files an amended complaint by that date, the Clerk will be directed to close the case.

An appropriate order will be entered.